UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SONIA )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE TOWN OF BROOKLINE, DAVID )<br>HILL, BRENDAN KELLEHER, )<br>YU KAJITA, DANIEL AVILA, and )<br>UNKNOWN BROOKLINE POLICE )<br>OFFICERS )<br>    Defendants. )<br>) | C.A. No. 11-10666<br><br>**COMPLAINT AND JURY DEMAND** |

## **INTRODUCTION**

1. This is an action for money damages for violations of the Plaintiff's constitutional rights brought pursuant to 42 U.S.C. §1983 and related state law. Plaintiff Robert Sonia alleges that the Defendants illegally arrested him and used excessive force in effectuating that arrest, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12, §11I. The Plaintiff further alleges that the Defendant officers conspired to violate his rights under the Fourth and Fourteenth Amendments. Finally, he alleges that the Defendant Town of Brookline has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

## **JURISDICTION**

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this Court to entertain related claims arising under state law.

## **PARTIES**

3. Plaintiff Robert Sonia is a resident of Lynn, MA.

1

4. Defendant Officer David Hill is a police officer for the Brookline Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Brookline.

5. Defendant Officer Brendan Kelleher is a police officer for the Brookline Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Brookline.

6. Defendant Officer Yu Kajita is a police officer for the Brookline Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Brookline.

7. Defendant Officer Daniel Avila is a police officer for the Brookline Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Brookline.

8. Defendant Unknown Brookline Police Officers are police officers for the Brookline Police Department, acting under color of law at all time relevant to this Complaint, and are sued in their individual capacities as police officers for the Defendant Town of Brookline.

9. Defendant Town of Brookline is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## FACTS

10. On March 28, 2010, the Plaintiff was working as a driver for an adult entertainment company.

11. He was asked by his employer to take a dancer, Theresa Soundis, to a show in Brookline.

12. Despite having difficulty finding the location, the two arrived at 1774 Beacon Street, Brookline, at approximately 4:30 AM.

13. They were told prior to entering the apartment that all of the occupants were police officers.

14. When they walked inside, the Plaintiff observed that only two people were present in the apartment.

15. These men appeared to be very intoxicated.

16. When the Plaintiff attempted to collect the fee, he was told by one of the officers that the "bachelor" had already left, that he was not coming back, and that they no longer wanted the entertainment.

17. The officers then refused to pay even a portion of the agreed-upon fee, despite the fact that the Plaintiff and Ms. Soundis offered to leave with less than the full amount.

18. One of the Defendants identified himself and the other occupant as police officers and stated that the two should "get the fuck out" of the apartment.

19. As the Plaintiff was leaving, another car pulled up to the apartment at approximately 4:45 AM.

20. Two men got out of the car and proceeded to enter the apartment which the Plaintiff had just left.

21. The Plaintiff then called his employer and let him know that the group had cancelled the show and would not pay.

22. At that point, Ms. Soundis noticed someone photographing their car and informed the Plaintiff.

23. The Plaintiff got out of the car to see what was going on.

24. Out of the corner of his eye, he observed someone suddenly charging at him.

25. The next thing he realized, all of the Defendants were striking him repeatedly.

26. The Plaintiff stumbled into the middle of the road as he was being hit from all directions.

27. One of the Defendants then yelled "knock him down," and the Plaintiff was knocked to the ground.

28. At this point, the Defendants were repeatedly kicking and punching him.

29. He pleaded with the officers to stop but they continued their assault.

30. The Defendant officers then forced his hands in such a position that he could not breath.

31. The Plaintiff thought that the Defendants might kill him.

32. Shortly thereafter, 911 calls were placed by concerned neighbors, reporting that several men were assaulting another man, who was on the ground.  EMT's then began to arrive, as did other police officers.

33. At this point, the Plaintiff had already been handcuffed and arrested by the Defendants, who had activated themselves to on-duty status at some point during the assault.

34. The EMT's placed the Plaintiff in a stretcher and began to take him to the ambulance.

35. A police sergeant, however, who had arrived on scene, ordered the ambulance to remain in place while the officers discussed how to handle the unlawful conduct that had just occurred.

36. Despite this attempt to delay the Plaintiff's medical treatment while the officers discussed their stories, eventually the ambulance left the scene.

37. As a result of the officers' conduct, the Plaintiff suffered various injuries including a broken eye socket and broken ribs.  Incredibly, despite his injuries, all of the officers denied striking the Plaintiff in any way during the altercation.

38. On information and belief, no officers were disciplined for their conduct that night, despite the fact that they clearly lied to police investigators, and that the police were aware that they lied.

39. All criminal charges against the Plaintiff were later dismissed.

40. On information and belief, the Brookline Police Department has an "always on duty" policy.

41. This means that even an off-duty officer can activate himself to on-duty status if he wishes to use his police powers.

42. The Defendant officers in this case were off duty; nevertheless, they activated themselves to on-duty status at some point prior to the assault.

43. Due to the personal nature of the incident and their level of intoxication, this activation was highly inappropriate and in violation of established police procedures.

44. On information and belief, the Town has no training program to teach its officers as to the circumstances under which they may activate themselves from off duty to on duty.

45. This complete failure to train demonstrates deliberate indifference to the constitutional rights of citizens.

46. This failure is deliberately indifferent because it is likely that untrained officers will activate themselves in inappropriate circumstances, such when officers are intoxicated or involved in personal disputes, as was the case here.

47. Thus, the lack of training on the part of the Town has, predictably, led to the constitutional violations in this case.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 (USE OF FORCE AND ARREST)
## BY ALL INDIVIDUAL DEFENDANTS

48. The Plaintiff restates the allegations in paragraphs 1 through 47 and incorporates said paragraphs herein as paragraph 48.

49. By the actions described above in paragraphs 1 through 47, the Defendants, acting under color of law, deprived the Plaintiff of his right to be free from unreasonable seizures and to be free from the use of excessive force, all in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

## COUNT II
## VIOLATION OF 42 U.S.C. 1983 (CONSPIRACY)
## BY ALL INDIVIDUAL DEFENDANTS

50. The Plaintiff restates the allegations in paragraphs 1 through 49 and incorporates said paragraphs herein as paragraph 50.

51. By the actions described above in paragraphs 1 through 49, the Defendants, acting under color of law, conspired to deprive the Plaintiff of his constitutional rights, in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.  Specifically, the four named Defendants conspired amongst themselves and with unknown officers to concoct a story which would result in the Plaintiff's arrest and their own exoneration.  Moreover, the four named Defendants conspired with each other to use excessive force against the Plaintiff.

**COUNT III**
**VIOLATION OF 42 U.S.C. §1983**
**BY DEFENDANT TOWN OF BROOKLINE**

52. The Plaintiff restates the allegations in paragraphs 1 through 51 and incorporates said paragraphs herein as paragraph 52.

53. By the actions described above in paragraphs 1 through 51, the Town of Brookline has demonstrated a custom and policy of deliberate indifference to the rights of citizens by:

    a. Failing to adequately train its police officers on the proper use of force, arrest procedures, the appropriate circumstances under which they may activate themselves to on-duty status and to not participate in conspiracies to violate constitutional rights.

    b. Tolerating a custom and policy in which officers violate the constitutional rights of citizens through excessive force, unlawful seizures, activating themselves to on-duty status in inappropriate circumstances and by participating in conspiracies to violate constitutional rights;

    c. Failing to take disciplinary action against officers who violate the rights of citizens by using excessive force, making unlawful seizures, activating themselves to on-duty status in inappropriate circumstances and participating in conspiracies to violate constitutional rights; and,

    d. Failing to adequately supervise officers who are prone to use excessive force, make unlawful seizures, activate themselves to on-duty status in inappropriate circumstances and participate in conspiracies to violate constitutional rights.

## COUNT IV
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. c. 12, §11I
## BY ALL INDIVIDUAL DEFENDANTS

54. The Plaintiff restates the allegations in paragraphs 1 through 53 and incorporates said paragraphs herein as paragraph 54.

55. By the actions described above in paragraphs 1 through 53, the Defendants violated the Plaintiff's civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12, §11I.

**WHEREFORE,** the Plaintiff requests that this Court award:

1. Compensatory damages against all Defendants jointly and severally;
2. Punitive damages against all individual Defendants;
3. The costs of this action, including reasonable attorneys' fees; and,
4. Such other and further relief, as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

Respectfully submitted,
The Plaintiff Robert Sonia
By his attorneys,

//s// John E. Saliba  
John E. Saliba (BBO No. 556415)  
Law Offices of John E. Saliba  
227 Lewis Wharf  
Boston, MA 02110  
T) (617) 367-0202  
:  

//s// Michael Tumposky  
Michael Tumposky (BBO No. 660618)  
Jessica D. Hedges (BBO No. 645847)  
Hedges & Tumposky, LLP  
15 Broad Street  
Boston, MA 02109  
T)(617) 722-8220